IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEWELERS MUTUAL INSURANCE,<br><br>    Plaintiff,<br><br><br><br>    vs.<br><br><br>MILNE JEWELRY COMPANY and IRVIN W. MILNE,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER ON MOTIONS FOR SUMMARY JUDGMENT<br><br><br><br><br>Case No. 2:06-CV-243 TS |

## I.  INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment[1] and

Plaintiff's Cross Motion for Summary Judgment.[2]  Hearing on the motions was held on

November 2, 2006.  In this action Plaintiff, an insurer, seeks declaratory judgment as to its duty

to defend and/or to indemnify Defendants, the insured, in another action ("the underlying

---

[1]Docket No. 12.

[2]Docket No. 22.

action")[3] where Defendants are being sued under the Indian Arts and Crafts Enforcement Acts of 1990, and 2000 (collectively "IACA").[4]  In that action, it is alleged that Defendants advertised, displayed, and sold crafts and jewelry, through their website, falsely claiming the items to be of Native American origin.  Defendants now move for summary judgment on the issue of Plaintiff's duties to defend and indemnify.[5]  Plaintiff opposes Defendants' motion and also moves for summary judgement, asserting that the claims in the underlying action do not fall within its policy's coverage.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[6]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[7]

## III.  FACTUAL BACKGROUND

The following facts are undisputed by the parties: Defendant Milne owns and operates Defendant Milne Jewelry Company.  Plaintiff and Defendants entered into an insurance coverage

---

[3]Originally *Native American Arts, Inc., v. Milne Jewelry Co., Inc.*, No. 05C 6203 (filed Oct. 27, 2005, N.D. Ill.), but subsequently transferred to the District of Utah as Case No. 2:06-CV-894-TC.

[4]25 U.S.C. §§ 305, et seq.

[5]Docket No. 12.

[6]Fed. R. Civ. P. 56(c).

[7]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

agreement ("the policy") for the period wherein the underlying action arose.  The policy covered advertising injuries up to $2 million arising out of offenses committed in the course of the insured's advertising of its goods, products, or services.  "Advertising injury" means injury arising from one of the following offenses, provided the offense is committed in a paid announcement in the print or broadcast media:  (a) oral or written publication of material that slanders or libels, (b) oral or written publication of material that violates a person's right of privacy, (c) misappropriation or copying a person's or organization's advertising ideas or advertising style, or (d) infringement of copyright, title, slogan, trademark, or trade name.  The following acts relating to advertising injuries are specifically excluded from coverage: (1) an insured's willful violation of the law, and (2) acts arising out of the failure of goods . . . to conform with advertised quality or performance.  As part of the underlying action, it is asserted against Defendants that the plaintiff in that action suffered an "advertising injury arising out of Defendants' misappropriation of Native American Arts, Inc.'s advertising ideas and style of doing business."  For the limited purposes of the instant motions at issue, the parties agree that the advertising was done by Defendant Milne's daughter, Sherlynn Milne, through her company, Milne Jewelry.com, in which Defendant Milne does not have an interest.  Defendant Milne Jewelry Company only stored and shipped the items forming the basis of the underlying action. These actions constitute the only conduct by Milne Jewelry Company that gave rise to the complaint in the underlying action.

IV.  DISCUSSION

A.  *Duty to Defend*

Defendants argue that, because the complaint in the underlying action alleges advertising misappropriation, Plaintiff is required to defend the underlying action.  A duty to defend arises "when the insurer ascertains facts giving rise to potential liability under the insurance policy."[8] Conversely, when the allegations, if proven, show "there is no potential liability [under the policy], there is no duty to defend.[9]  Also, if the insurance policy makes the duty to defend dependant on whether there is actually a "covered claim or suit," extrinsic evidence is relevant to a determination of whether a duty to defend exists.[10]

Defendants further argue that the internet advertising in question was paid for, and qualifies as print or broadcast media.  Defendant also asserts that the known willful violation clauses do not exclude coverage, as per Defendant Milne's affidavit, which asserts that the products were not of Native American origin or he did not know the products were not of Native American origin.  Defendant finally argues that the quality clause of the policy does not exclude coverage because the underlying complaint does not claim lack of quality in the products.

Plaintiff counters that it has no duty to defend for several reasons.  First, Plaintiff points out that Defendants assert that the advertising which is the subject of the underlying action was performed by Defendant Milne's daughter, who is not insured under the policy.  Plaintiff argues

---

[8]*Sharon Steel Corp. v. Aetna Causualty & Surety*, 931 P.2d 127, 133 (Utah 1997).

[9]*Deseret Federal Savings v. U.S. Fidelity & Guaranty*, 714 P.2d 1143, 1147 (Utah 1986).

[10]*Fire Ins. Exch. v. The Estate of Therkelsen*, 27 P.3d 555, 561 (Utah 2001).

4

that the affidavits set forth in the underlying action constitute extrinsic evidence which demonstrates that the action does not fall within the scope of covered claims.

The Court finds that this is not the type of extrinsic evidence which is sufficient to negate a duty to defend.  Just because Defendants have attempted to assert defenses in the underlying action does not demonstrate that they fall outside coverage, and does not absolve Plaintiff of the duty to defend.  From the record in this action, especially from Defendants' affidavits alone, it is not at all clear that the issue of whether Defendants advertised their own products has been resolved in the underlying action. Precisely because there remains a factual issue in the underlying action, and because Defendants could still be liable on that issue, Defendants' duty to defend continues.

> Where factual questions render coverage uncertain . . . the insurer must defend until those uncertainties can be resolved against coverage.  When in doubt defend. . . . Where an insurance policy obligates an insurer to defend claims . . . the insurer is obligated to do so until those claims are either dismissed or otherwise resolved in a manner inconsistent with coverage.[11]

The facts in the complaint of the underlying action in this case clearly establish the risk of potential liability for alleged advertising by Defendants, from which Plaintiff should have ascertained a duty to defend.

Second, Plaintiff argues that the underlying action fails to allege that any of its alleged offenses were committed by Defendants in a paid announcement in the print or broadcast media. However, Defendants establish by affidavit that the internet advertising which forms the basis for the underlying allegations was paid for.  Plaintiff provides no evidence to counter this affidavit. Plaintiff also argues that internet advertising does not fall in the category of broadcast media.

---

[11]*J.R. Simplot Co. v. Chevron Pipe Line Co.*, No. 2:04cv624, 2006 WL 2796887, at *11 (Sept. 27, 2006, D. Utah) (quotation and citation omitted).

However, such construction does not comport with the principle that "[i]nsurance policies should be construed liberally in favor of the insured . . . so as to promote and not defeat the purpose of insurance."[12]  The Court therefore finds that internet advertising falls within the policy's category of broadcast media.

Third, Plaintiff asserts that the policy's quality exclusion provision precludes coverage. Specifically, Plaintiff argues that because the underlying complaint alleges that Defendants' advertised products, which it asserted were, but which, in actuality, were not, of Native American origin, the products did not conform with advertised quality or performance.  In other words, Plaintiff argues that the term "quality" refers to a certain characteristic, and that being of Native American origin is a quality contemplated by the policy.  Defendant replies that the term "quality" in the policy relates not to a characteristic, such as Native American authenticity, but rather, to the fitness of the product.

"A court interprets an insurance contract using traditional principles of contractual interpretation. . . . When a provision in the insurance contract is ambiguous [or reasonably susceptible to more than one meaning] it must be construed against the drafter and in favor of providing coverage to the insured."[13]  The term "quality" as written in the policy is reasonably susceptible to more than one meaning, and therefore, must be construed against Plaintiff. Accordingly, the policy's quality exclusion does not preclude coverage.

---

[12]*Id.*  "Language limiting an insurer's duty to defend an insured must be clear, unambiguous, and sufficiently conspicuous in order to give proper notice to the insured of the limitations on the duty to defend."  *Simmons v. Farmers Ins. Group*, 877 P.2d 1255, 1258 (Utah Ct. App. 1994).

[13]*Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995); *see also Farmers Ins. Exchange v. Versaw*, 2004 UT 73, ¶ 24-25, 99 P.3d 796, 799 (Utah 2004).

Fourth, Plaintiff argues that Defendants are excluded from coverage under the "willful violation of statute" exclusion.  Plaintiff argues that, although the IACA is a strict liability statute, the complaint in the underlying action alleges that Defendants' conduct was intentional, thereby excluding coverage.

Plaintiff's argument is unconvincing.  Defendants' coverage under the agreement is not excluded by allegations which are tangential and irrelevant to the causes of action in the underlying complaint.  The question of intent is completely irrelevant in the underlying action.  Because intent is irrelevant under a strict liability statute such as the IACA, Plaintiff should have ascertained from the facts alleged that Defendants were potentially liable under the insurance policy.  Additionally, Defendants have provided an affidavit claiming that most of the products in the underlying suit, were, in fact, of Native American origin, and to the extent that any were not, that they mistakenly believed that they were.  Plaintiff provides no evidence to contradict this.

Finally, Plaintiff, in its Cross Motion, argues that part of the underlying action seeks preliminary and permanent injunctive relief against Milne, and that the policy excludes coverage for claims for injunctive relief.  Defendants concede to this point.

Given that there are no genuine issues of material fact in this case, Defendants are entitled to summary judgment as a matter of law on the issue of Plaintiff's duty to defend, except for any claims for injunctive relief or punitive damages.  Defendants otherwise have a duty to defend in the underlying action as to all claims.

    B.  *Duty to Indemnify*

    Defendants also apparently argue that Plaintiff has a duty to indemnify any damages it may incur in the underlying action. The Court notes that, at no point, either in memoranda or at hearing, has either party made any distinction between the duty to defend and the duty to indemnify.  Neither party has set forth any rules or caselaw on the duty to indemnify in their memoranda.  Furthermore, at hearing, both parties emphasized facts and law pertaining only to the duty to defend.[14]  Therefore, this issue was not before the Court.

    Also, any ruling on Plaintiff's duty to indemnify would be premature.  Importantly, "[a]lthough the duty to defend is determined by the allegations of the underlying complaint and by facts discoverable to the insurer, the duty to indemnify is determined by the facts *as they are established at trial or as they are finally determined by some other means*."[15]  Facts necessary for the determination of whether Plaintiff owes a duty to indemnify have not been finally determined.  For example, while Defendants here assert that they are not liable because Defendant Milne's daughter committed the offense in the underlying action, the factfinder in the underlying action could ultimately determine that Defendants committed the offense, thereby finalizing a factual issue which could trigger Plaintiff's duty to indemnify.  Accordingly, the

---

    [14]Plaintiff, for the first time, makes the distinction between the two duties in its objections to Defendants' Proposed Order on the summary judgment motions.  *See* Docket No. 43.

    [15]*Bankwest v. Fidelity & Deposit Co. of Maryland*, 63 F.3d 974, 978 (10th Cir. 1995); *see also Fire Ins. Exchange v. Estate of Therkelsen*, 27 P.3d 555 (Utah 2001) ("[t]he duty to indemnify [would be] determined by the underlying facts of the case, [while the duty to defend [would be] controlled by the allegations in the complaint against the insured. . . [i]n this sense, the insurer's duty to defend is broader than its duty to indemnify).

Court declines to rule on the issue of Plaintiff's duty to indemnify at this time.[16]  Either party may bring this issue before the Court again, should Defendants incur liability in the underlying action.

## V.  CONCLUSION

For the foregoing reasons, it is therefore

ORDERED that Defendants' Motion for Summary Judgment (Docket No.12) is GRANTED on the issue of Plaintiff's duty to defend in the underlying action.  Defendants' Motion is DENIED as to claims in the underlying action which seek injunctive relief and punitive damages.  It is further

ORDERED that Plaintiff's Cross Motion for Summary Judgment (Docket No. 22) is GRANTED in that Plaintiff has no duty to defend claims in the underlying action which seek injunctive relief or punitive damages.  Plaintiff's Cross Motion is DENIED as to all other grounds.  It is further

ORDERED that Plaintiff's claim seeking declaratory judgment on the issue of its duty to indemnify is DISMISSED without prejudice.  The clerk of the court is ordered to close the case forthwith.

---

[16]*See St. Paul Fire and Marine Ins., Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995) ("While [the Declaratory Judgment Act] vests the federal courts with power and competence to issue a declaration of rights, . . . the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts.").

9

DATED   December 14, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge